UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ELDON R. HOFFMAN,                                                                             No. O5-11174

　　　　　　　　Debtor(s).
_____/

Memorandum on Objection to Compromise
_____

　　　Debtor Eldon R. Hoffman is the sole shareholder of Any Mountain, Ltd., which filed a Chapter 11 petition in late 2004. Hoffman filed the Chapter 11 petition commencing this case for himself on May 13, 2005. The case was converted to Chapter 7 on April 15, 2006. Jeffry Locke is the Chapter 7 trustee.

　　　In his schedules, Hoffman made no mention of any pending or potential tort claims against anyone. When asked to list contingent and unliquidated claims of any nature, Hoffman responded "none." He has not amended his schedules.

　　　When Locke was appointed trustee, the bankruptcy estate's property at 21048 Bank Mill Road in Saratoga was in foreclosure and the senior secured creditor on the property had obtained relief from the automatic stay to complete a foreclosure sale. Locke managed to sell the property for $2.5 million. The sale was free and clear of the second deed of trust of Cardinal Financial Services, LLC. Cardinal had been the principal lender of Any Mountain, and had taken its deed of trust to secure Hoffman's guarantee of Any Mountain's obligations.

　　　Locke disputed Cardinal's lien on grounds that Cardinal had made an agreement in the Any Mountain case which resulted in full satisfaction. Cardinal disputed Locke's position, arguing that the

agreement it made in the Any Mountain case specifically did not release Hoffman from his guarantee. Cardinal asserted a claim for $411,000.00 in this case based on the guarantee.

Locke has entered into a settlement with Cardinal whereby Cardinal will receive $75,000.00 of the sale proceeds, waiving claim to anything further. As part of the settlement, Locke and Cardinal are to exchange mutual releases.

Locke duly noticed his intent to compromise with Cardinal. The sole objection was raised by Hoffman himself. Hoffman alleges that when Cardinal agreed to be Any Mountain's primary lender it represented that it was doing so only to help Hoffman and Any Mountain and "would do nothing to harm [Any Mountain] or the interests of Mr. Hoffman." Hoffman argues that he accordingly has a tort claim against Cardinal for fraud and that his damages are "conservatively estimated to be in the range of $8 to $12 million."

After an evidentiary hearing, the court finds that Locke's reasons for entering into the settlement are sound and based on advice of competent counsel. While Locke believes that he could defeat the Cardinal claim, the settlement avoids the risk, cost and delay of litigation. It also facilitates a separate settlement Locke has made with Cupertino National Bank, the holder of the third deed of trust on the Saratoga property. For the reasons stated below, the court will overrule Hoffman's objection and approve the compromise.

First, the court notes that Hoffman's standing is very questionable. Debtors have no standing to object to a compromise unless there is likely to be a surplus estate. *In re P.R.T.C., Inc.*, 177 F.3d 774, 778n2 (9th Cir. 1999). Hoffman admits that the only way there can be a surplus is if there is a very large collectable judgment against Cardinal. In California, lender liability judgments have been very hard to come by since the appellate court vacated the judgment in *Jewell v. Bank of America*, 220 Cal.App.3d 924, 269 Cal.Rptr. 671 (1990). While such a judgment against Cardinal is possible, it is unlikely. Thus, it is doubtful that Hoffman has standing to object to the compromise.

Even if Hoffman has technical standing, it is not proper for him to hold up administration of an estate for years while he tilts at windmills trying to create a surplus. In considering a compromise, the

2

Case: 05-11174    Doc# 139    Filed: 06/27/06    Entered: 06/27/06 14:52:18    Page 2 of 4

concern for the debtor comes last; the interests of the creditors are paramount. *In re Woodson,* 839 F.2d 610, 620 (9th Cir. 1988); *In re Schmitt*, 215 B.R. 417, 421 (9th Cir. BAP 1997).

Even if Hoffman has standing, the possibility of a recovery against Cardinal is unlikely for another reason. In the Any Mountain case, the creditors' committee was very active and was represented by two very large metropolitan law firms. The committee in that case had been formed well before bankruptcy, and was very familiar with Any Mountain's affairs. As part of an arrangement with Cardinal in that case, all claims against Cardinal were waived. As a matter of law, since Hoffman's claims are largely derivative of Any Mountain's claims, the settlement in the Any Mountain case could provide Cardinal with a defense in any action brought by Hoffman. As a practical matter, the fact that a sophisticated and informed creditors' committee considered the claims against Cardinal and declined to pursue them indicates that the claims are of questionable value.[1]

Lastly, it appears that Hoffman may be estopped from claiming that Locke is giving away anything of value by his compromise with Cardinal. "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783, citing *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir.1992) (failure to give notice of a potential cause of action in bankruptcy schedules and Disclosure Statements estops the debtor from prosecuting that cause of action); *In re Coastal Plains*, 179 F.3d 197, 208 (5th Cir.1999), cert. denied, 528 U.S. 1117, 120 S.Ct. 936, 145 L.Ed.2d 814 (2000) (holding that a debtor is barred from bringing claims not disclosed in its bankruptcy schedules). Even if the circumstances here do not call for imposition of estoppel, Hoffman's failure to schedule his claims against Cardinal is certainly evidence that the claims have little or no value. See *In re Vee Vinhnee*, 336 B.R. 437, 449 (9th Cir BAP 2005).

---

[1] Nor is it in any way certain that Cardinal would be able to satisfy a judgment of the magnitude Hoffman dreams of.

3

1  In conclusion, the court finds that Locke's decision to compromise with Cardinal is sound, fully-
2  informed, and in the best interests of the bankruptcy estate. Even if Hoffman is not legally prohibited
3  from objecting due to lack of standing or failure to scheduled his claims, the court finds his objection
4  without substantial merit. Any litigation against Cardinal would be lengthy, expensive,[2] and impose
5  unreasonable delays on the administration of the bankruptcy estate, with very slim odds of any recovery.
6  While Hoffman may have nothing to lose by insisting that Cardinal be prosecuted, a Chapter 7 debtor is
7  not entitled to dictate the course of liquidating an estate.

Hoffman's objection will accordingly be overruled and the compromise will be approved. Counsel for Locke shall submit an appropriate form of order.

Dated: June 27, 2006

                                                   Alan Jaroslovsky
                                                   U.S. Bankruptcy Judge

---

[2] The court is aware that Hoffman says he has an attorney willing to take the case on a 50% contingency. However, it appears that this attorney was Hoffman's attorney prior to bankruptcy, has no demonstrated expertise in lender liability suits, and may be disqualified because he would have to testify as a witness. The court notes that Hoffman's Chapter 11 counsel was forced to withdraw due to lack of cooperation from Hoffman and Hoffman's relations with Any Mountain's bankruptcy counsel were not smooth. If the same thing were to happen in the middle of litigation with Cardinal, the bankruptcy estate would face considerable expense. Also, loss of a suit could expose the estate to a significant claim.

4